# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

JASON AARON GODWIN,

    Plaintiff,

v.                                            Case No.  5:22-cv-115-TKW/MJF

OFFICER BALDERAMA-MENDEZ,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a Florida prisoner proceeding *pro se*, has filed a civil rights complaint under 42 U.S.C. § 1983. Doc. 1. The undersigned concludes that this case should be transferred to the United States District Court for the Middle District of Florida based on venue considerations.[1]

## I. BACKGROUND

Plaintiff Jason Godwin is an inmate of the Florida Department of Corrections confined at the Graceville Correctional Facility in Graceville, Florida. Doc. 1 at 1-2. Godwin is suing Officer Balderama-Mendez, a correctional officer at the Central

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

Florida Reception Center ("CFRC"), for violating his rights under the Eighth Amendment. Godwin alleges that Officer Balderama-Mendez assaulted him for no penological purpose on October 28, 2021, while Godwin was confined at CFRC. *Id*. at 5-8. As relief, Godwin seeks $50,000.00 in compensatory damages. *Id*. at 8.

## II. DISCUSSION

Venue for actions under 42 U.S.C. § 1983 is governed by 28 U.S.C. § 1391(b), which provides:

> A civil action may be brought in (1) a judicial district in which any defendant resides if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

*Id*. When a civil action is brought in the wrong (or an inconvenient) forum, the district court may transfer it to the proper or more appropriate forum. *See* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."); *see also* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

The decision to transfer an action is left to the "sound discretion of the district court . . . ." *Roofing & Sheeting Metal Servs. v. La Quinta Motor Inns*, 689 F.2d 982, 985 (11th Cir. 1982). Such transfers may be made *sua sponte* by the district court. *See Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989); *Robinson v. Madison*, 752 F. Supp. 842, 846 (N.D. Ill. 1990) ("A court's authority to transfer cases under § 1404(a) does not depend upon the motion, stipulation or consent of the parties to the litigation.").

The undersigned concludes that it is in the interest of justice to transfer this case to the United States District Court for the Middle District of Florida. The events giving rise to Godwin's claim occurred at CFRC, which is located in the Middle District. The Defendant resides in the Middle District.[2] The following venue considerations pertinent to the private interests of the parties weigh in favor of transfer to the Middle District: "the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view

---

[2] Although Godwin indicates that this suit is against Officer Balderama-Mendez in his official capacity, Doc. 1 at 2, his allegations plead only an individual-capacity claim, and his demand for relief (compensatory damages) is available only for an individual-capacity claim. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("[A]bsent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court. This bar remains in effect when State officials are sued for damages in their official capacity." (citations omitted)).

would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981) (internal quotation marks and citation omitted). The following public factors also weigh in favor of transfer: the "local interest in having localized controversies decided at home" and "the unfairness of burdening citizens in an unrelated forum with jury duty." *Id*. This case has little or no relationship to the Northern District.

### III. CONCLUSION

For the convenience of the parties and the public, and in the interest of justice, the undersigned respectfully **RECOMMENDS** that:

1. This case be **TRANSFERRED** to the United States District Court for the Middle District of Florida.

2. The clerk of court close this case file.

At Panama City, Florida, this 15th day of June, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not**

**control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**